REQUESTED BY: Director of Banking and Finance for the State of Nebraska, Cynthia H. Milligan
Can an entity incorporate under the Nebraska Business Development Corporation Act (Neb.Rev.Stat. § 21-2101 through -2117) without "members" as that term is defined under the act.
Is the Research and Development Authority established by the Research and Development Authority Act (Neb.Rev.Stat. § 58-401 through -439) entitled to be a "member" of a business development corporation pursuant to the Nebraska Business Development Corporation Act?
No.
No.
The Nebraska Business Development Corporation Act includes sections 21-2101 through -2117. The Act defines "development corporation" as any corporation organized pursuant to the provisions of sections 21-2101 to 21-2117 and for the purpose of developing business, industry, and enterprise in the State of Nebraska by the lending of money thereto and otherwise organizing for the purposes set forth in section21-2104.
Neb.Rev.Stat. § 21-2101(1) (Reissue 1987). Further, § 21-2111 provides that in 5 the business and the affairs of the corporation shall be conducted by a board of directors. The number of directors shall at all times be a multiple of three. Two-thirds of the directors shall be elected by the members and one-third shall be elected by the shareholders. . . .
This section clearly evidences that the Legislature intended that there be at least three, or any larger multiple of three, directors for each such corporation. Consequently, it follows that because two-thirds of the number of positions on the board of directors must be filled by members, it would not be possible for such corporations to incorporate without having members.
 Neb.Rev.Stat. § 21-2102(2) provides financial institution shall mean any banking institution, insurance company or related corporation, savings and loan association, co-partnership, credit union, foundation, trust, licensee under the Small Business Investment Act of 1958, and other institutions engaged in lending or investing funds, authorized to do business in the State of Nebraska, including the Small Business Administration, an agency of the United States Government.
The act further provides that "member shall mean any financial institution which shall undertake to lend money to a development corporation upon its call in accordance with the provisions of section 21-2109" Neb.Rev.Stat. §21-2102(3). The question then becomes whether the Research and Development Authority can, for the purposes of section21-2102(2), be considered a financial institution.
As quoted previously, the purposes of a development corporation, as set forth in § 21-2102(1), also includes those purposes set forth in § 21-2104. That section provides that the purposes of a development corporation are to be limited as set forth in that section. In part the section provides that the purpose of a development corporation shall be "to provide financing for the promotion, development, and conduct of all kinds of business activity in this state." On the other hand, the Research and Development Authority Act (Neb.Rev.Stat. § 58-401
through 439) (Reissue 1988)) is based upon the findings and declarations contained in § 58-402 and the purposes for creation set forth in § 58-403. As such in § 58-403(2) (b) the Legislature has provided that "the authority shall achieve the purpose stated in sub-section (1) of this section by: (b) Engaging in seed capital financing for the development and implementation of innovations or new technologies for existing and emerging industries." Additionally, in § 58-404(11) seed capital is defined to mean "financing that is provided for the development, refinement, and commercialization of a product, process or innovation, whether for the start up of a new enterprise or for the expansion of an existing enterprise."
The Legislative history of the Research and Development Authority Act contains testimony regarding the act when it was considered by the Banking Commerce and Insurance committee on January 27, 1986. The act, then LB 850, was introduced by Senator Nichol on behalf of the governor. The then governor testified before the committee "It's a quasigovernment board in fact See § 58-405(2) . . . it's really a board that will make judgments about which research they believe has the most potential for profit, the most potential for employment opportunities, the most potential for wealth in the State of Nebraska. . . . It will be entirely market driven, and the success of the program will depend on whether or not we can identify successful research and put that research together with successful business people who can make profit." Nebraska Legislative Committee on Banking Commerce and Insurance, testimony January 27, 1986, relative to LB 850, page 4.
Additionally, on March 12, 1986, LB 850 came up for consideration upon the floor of the Legislature. At that time Senator Moorehead, a sponsor of the bill, stated that
 "It is a three-step innovation process. . . . It begins with basic research. . . . The second phase of this then is the development and incubation of that research into a product or a process which would be marketed, manufactured, if you will, whatever the market-driven analysis is of it. The third phase then is the commercialization stage, the transfer of that research and development incubation into a viable business."
(Legislative Floor Debate, March 12, 1986, p. 9827) Later Senator Moorehead testified ". . . it will be up to the authority to decide where best those strengths can be capitalized on for the State of Nebraska." (Legislative Floor Debate, March 12, 1986, p. 9832)
This Legislative history is cited to demonstrate that a principal purpose of the research and development authority, as evidenced by the testimony of the governor on whose behalf the Legislation was introduced and by the bill's principal proponent, is that the authority is to select those specific projects which merit financial backing from research and development to commercialization. If the research and development authority were a member of a business development corporation, it would constitute at most one-third of the votes on the board of directors of that corporation. While that corporation would then in turn loan money to businesses in Nebraska, there would be no guarantee that the businesses receiving the loans would be those that the Legislature intended to receive financial assistance through the research and development authority act. There would be no way that the authority could insure that its funds would be used only by those projects that it had identified as deriving from successful research and needing seed capital to become a success commercial enterprise.
To conclude that the research and development authority constitutes a "financial institution" for purposes of Neb.Rev.Stat. § 21-2102(2) would defeat the purposes of the research and development authority act. Moreover, from independent research, it is understood that those who wish to use the research and development authority to become a member of a business development corporation intend that the research and development authority become a member of more than one business development corporation. However, Neb.Rev.Stat. § 21-2109 restricts a "financial institution" to becoming a member of no more than one development corporation. Consequently, the purposes to which the research and development authority is sought to be put to use in this instance is beyond the limits of the legislation authorizing its existence.
Sincerely,
Robert M. Spire Attorney General
LeRoy W. Sievers Assistant Attorney General